# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDY BUXTON, | ) |
| | ) 2:16cv1489 |
| Petitioner, | ) Electronic Filing |
| | ) |
| v. | ) Judge David Stewart Cercone/ |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| COMMONWEALTH OF PENNSYLVANIA | ) |
| and THE ATTORNEY GENERAL OF THE | ) |
| STATE OF PENNSYLVANIA, | ) |
| | ) |
| Respondents. | ) |

## **ORDER**

Andy Buxton (Petitioner") initiated these proceedings under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody in September, 2016. ECF No. 1. Petitioner subsequently filed an Amended Petition (the "Amended Petition") on March 21, 2017. ECF No. 13. Petitioner is attacking his State court convictions for, *inter alia*, possession of drugs with intent to deliver, 35 P. S. § 780-113 §§ A30, being a member of a corrupt organization, 18 Pa. C.S.A. § 911 §§ B3, and, criminal use of a communication facility, 18 Pa.C.S.A. § 7512 §§ A. The case was referred to Chief Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Chief Magistrate Judge Kelly issued a Report and Recommendation (the "Report"), recommending that the Amended Petition be dismissed pre-service because, at the time Petitioner initiated this proceedings, he had a Post Sentence Motion pending in the Court of Common Pleas of Allegheny County and, hence, he had failed to exhaust his state court remedies. ECF No. 14. Petitioner has now filed Objections to the Report. ECF No. 17.

Having thoroughly reviewed the Report and the Objections, we find that the Objections do not merit the rejection of the Report or extended comment. The Report is clearly correct that Petitioner has failed to exhaust his state court remedies at the time he initiated these proceedings. The United States Supreme Court has explained that "Section 2254(b) requires habeas applicants to exhaust those remedies 'available in the courts of the State.' This requirement, however, refers only to remedies **still available at the time of the federal petition**." Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982) (emphasis added). See also Wilson v. Foti, 832 F.2d 891, 892 (5th Cir. 1987) (Section 2254's "exhaustion requirement is not met 'if he has the right under the law of the state to raise, by any available procedure, the question presented.' 28 U.S.C. S 2254(c). When determining whether state remedies are available, we look to the time of the filing of the federal habeas petition")(some internal quotations omitted).

Confronted by this clear legal rule, Petitioner concedes that he has not exhausted his state court remedies. ECF No. 17 at 2 ("Petitioner concedes he has not exhausted his state court remedies."). However, he argues that because he is "actually innocent" the failure to review his claims now at this juncture would result in a fundamental miscarriage of justice such that he should not be required to exhaust. Petitioner argues that his "procedural default [sic] should be excused because of the new evidence of actual innocence...." Id. The Court is not persuaded.

First, Petitioner is confusing the distinct doctrines of "procedural default" and exhaustion. While there may be an actual innocence exception to procedural default, no such actual innocence exception to the requirement that a Petitioner exhaust his state court remedies before coming to federal court exists. Johnson v. Glunt, No. CIV.A. 14-2317, 2014 WL 5334078, at *4 (E.D. Pa. Oct. 20, 2014) ("The cases cited by Johnson do not excuse the exhaustion requirement itself. In other words, the cause and prejudice or actual innocence exceptions to the procedural default rule

2

are not applicable to the exhaustion requirement. In fact, if the court were to adopt Johnson's approach, the exhaustion requirement would be eviscerated, allowing the federal court to preempt ongoing state court proceedings. The Supreme Court has been clear that the state courts are to be given the 'the first opportunity to review a claim, and to correct any constitutional violation in the first instance.' Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388, 1401, 179 L.Ed.2d 557 (2011)."); Saunders v. Comm'r, Dep't of Correction, No. 10 CV 410 MRK, 2011 WL 572313, at *3 (D. Conn. Feb. 15, 2011) ("While there is no Second Circuit decision that directly addresses the possibility of an 'actual innocence' exception to the exhaustion requirement, other courts have held that while a claim of actual innocence might avoid a procedural default, it will not excuse a defendant from exhausting available state remedies—remedies, the Court might add, that Mr. Saunders has invoked." (citing inter alia, Lambert v. Blackwell, 134 F.3d 506 (3d Cir.1997)).[1]

Nor has Petitioner presented any compelling reason to excuse exhaustion. Petitioner asserts that he cannot exhaust because transcripts were not provided to him or his attorney. We

---

[1] We note that Courts routinely conflate the related doctrines of exhaustion and procedural default. See, e.g., Lines v. Larkins 208 F.3d at 160 n.9 ("The considerable confusion swirling around habeas review of state convictions is exacerbated by the interrelationship of procedural default and exhaustion."); Clemons v. Delo, 100 F.3d 1394,1402 (8th Cir. 1996) ("The District Court's opinion does state that the claim 'has not been exhausted before the Missouri courts, and has, therefore, been waived as procedural error under state law,' slip op. 7, but we read this statement as simply an informal way of saying that the claim was never properly raised in the state courts and is therefore now procedurally barred."), vacated on other grounds upon rehearing, 124 F.3d 944 (8th Cir. 1997), cert. denied, 523 U.S. 1088 (1998). The case of Houck v. Stickman, 625 F.3d 88, 93 (3d Cir. 2010) is an example of using language of exhaustion and procedural default interchangeably. Id. ("there is a narrow class of cases in which, in order to avoid a fundamental miscarriage of justice, evidence of a petitioner's actual innocence can excuse his failure to exhaust his state court remedies. McCleskey v. Zant, 499 U.S. 467, 494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991); Hubbard, 378 F.3d at 338. A case in which a petitioner seeks to excuse his procedural default by advancing a claim of actual innocence is known as a 'gateway" case.") (footnote omitted). In light of the context and the cases cited, i.e., McCleskey and Hubbard, both of which concerned procedural defaults, it is clear that the Court in Houck meant that there is an actual innocence exception to the procedural default doctrine, and not to the exhaustion doctrine.

note that the criminal docket in Petitioner's case shows that no formal motion requesting the transcripts was made until March 13, 2017 by Petitioner himself pro se. Commonwealth v. Buxton, No. CP-02-CR-0012834-2013.[2] Hence, Petitioner cannot establish that he has been denied transcripts and he most assuredly cannot establish that at the time he initiated these federal habeas proceedings (which is the relevant time period for measuring exhaustion) he was not provided transcripts given that no formal request for such was made.

Because Petitioner concededly has not exhausted his state court remedies and because there is nothing that shows exhaustion should be excused, the Amended Petition will be dismissed.

Accordingly, after *de novo* review of the Report and the Objections and the record of this case, it is hereby **ORDERED** that the Report is adopted as the opinion of the Court and we hereby **ORDER** that the Amended Petition be dismissed. A certificate of appealability is DENIED.

Date: 4/13/17

David Stewart Cercone
United States District Judge.

cc: The Honorable Maureen P. Kelly
Chief United States Magistrate Judge

Andy Buxton
MS1885
SCI Mercer
801 Butler Pike
Mercer, PA 16137
(*Via First Class Mail*)

---

[2] The Court takes judicial notice of the criminal docket of the Court of Common Pleas of Allegheny County in Petitioner's case which is available at

http://ujsportal.pacourts.us/docketsheets/

(Site last visited 4/10/2017).